IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA HANN,                                        No. 6:15-cv-01754-HZ

                  Plaintiff,                      OPINION & ORDER

     v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

                  Defendant.

Bruce W. Brewer
PO Box 421
West Linn, OR 97068

        Attorney for Plaintiff

Billy J. Williams
United States Attorney, District of Oregon
Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Alexis Toma
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

     Attorneys for Defendant


HERNÁNDEZ, District Judge:

     Plaintiff Donna Hann brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c) (3)). The Commissioner's decision is reversed and remanded for further proceedings.

## PROCEDURAL BACKGROUND

     Plaintiff applied for DIB on February 8, 2012, alleging an onset date of November 1, 2010. Tr. 85-97.[1] Her application was denied initially and on reconsideration. Tr. 113-17, 119-122. On December 23, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 36-84. On January 23, 2014, the ALJ found Plaintiff not disabled. Tr. 31. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

     Plaintiff alleges disability based on her "left above-knee amputation," hip problems, knee problems, "SI joint problems," elbow problems, "HNP C6-7," "left iliac crest pain," bilateral lateral epicondylitis, arthritis, and back problems. Tr. 174. Plaintiff was 52 years old at the time

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 8.

of the administrative hearing. Tr. 51. Plaintiff obtained an Associate's Degree in medical secretarial work. Tr. 175. She has past relevant work experience as a medical transcriptionist. Id.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot

perform past relevant work, the burden shifts to the Commissioner. In step five, the

Commissioner must establish that the claimant can perform other work. <u>Yuckert</u>, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden

and proves that the claimant is able to perform other work which exists in the national economy,

the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**THE ALJ'S DECISION**

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity since November 1, 2010. Tr. 21. Next, at steps two and three, the ALJ determined that

Plaintiff has the following severe impairments: history of left above-knee amputation for

osteosarcoma; right hip osteoarthritis; cervical spondylosis with history of previous C5-6 anterior

cervical discectomy and fusion and degenerative disc disease at C6-7; thoracolumbar scoliosis

and mild spondylosis; mild bilateral carpal tunnel syndrome; and bilateral lateral epicondylitis.

<u>Id.</u> However, the ALJ determined that Plaintiff's impairments did not meet or medically equal

the severity of a listed impairment. Tr. 24. At step four, the ALJ concluded that Plaintiff has the

residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),

with the following limitations:

> [C]laimant can stand up to one hour at a time, and can walk up to two blocks at a time.
> The claimant can sit and stand for a combination of eight hours per day. The claimant can
> lift and/or carry up to 10 pounds. The claimant should be allowed to alternate between
> sitting and standing as needed throughout the day while remaining on task. The claimant
> should never push or pull with the left. The claimant should never engage in foot control
> operation with the left, but can engage in occasional foot control operation with the right.
> The claimant should never climb ladders, ropes, and scaffolds, nor kneel or crawl. The
> claimant can engage in frequent bilateral handling.

Tr. 24. The ALJ concluded that Plaintiff is capable of performing past relevant work as a medical

transcriptionist. Tr. 30. The ALJ stated: "This work does not require the performance of work-

related activities precluded by the claimant's residual functional capacity." Id. Thus, the ALJ

concluded that Plaintiff is not disabled.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the

record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th

Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than

preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009)

(quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion.

Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d

715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the

Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see

also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the

evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also

Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not

assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp.,

332 U.S. 194, 196 (1947)).

**DISCUSSION**

The parties agree that the ALJ's decision is not supported by substantial evidence. The

parties agree that the ALJ erred by (1) finding Plaintiff "not entirely credible"; (2) rejecting the

opinion of Plaintiff's treating physician, Dr. Hill; and (3) finding at step four of the analysis that

Plaintiff could perform past relevant work as a medical transcriptionist. However, the parties disagree on whether the Court should remand the case for an award of benefits or for further proceedings. The Court agrees that the ALJ's decision is not supported by substantial evidence. However, because the record as a whole creates serious doubt as to whether Plaintiff is, in fact, disabled, the Court remands for further proceedings.

## I.    Plaintiff's Credibility

Plaintiff testified that she last worked in March of 2010 and has since been unable to find work she could perform, in light of her functional limitations. Tr. 45-47. One of Plaintiff's legs was amputated 35 years ago and Plaintiff testified to worsening hip, knee, and joint problems over the years. She also alleged that she suffers from carpal tunnel syndrome, as well as arthritis in her hands. Id. at 44-45. Plaintiff explained that she has "flare-ups" where she experiences pain and stiffness in her hands and swelling in her fingers. Id. at 44-45, 52. Plaintiff also testified that she has a herniated disk that causes pain down her left arm and into her hand. Id. at 55.

Plaintiff testified that she cannot sit or walk for eight hours in a day without persistent pain symptoms. Id. at 49, 51. She testified that sustained sitting aggravates nerves in her back and hips. Id. According to Plaintiff, at most she could sit for two to three hours a day and for only one hour at a time without needing to stand and walk to relieve the pressure on her body. Id. at 61-62. She stated that she can only stand for about an hour at a time before needing to sit in a recliner with her feet elevated. Id. Plaintiff testified that she spends about six hours a day reclined. Id. at 63.

The ALJ found Plaintiff "not entirely credible" for three reasons: (1) it was "entirely by choice" that Plaintiff was not employed and there were no facts to indicate that Plaintiff was unable to perform basic work-related activities; (2) Plaintiff may be motivated by secondary

gain, given that she did not begin to seek treatment for her physical impairments until after her

disability claim was denied upon reconsideration; and (3) the medical evidence of record did not

support Plaintiff's allegedly debilitating impairments and associated limitations. Tr. 26-27. In

support of the first reason, the ALJ stated that Plaintiff testified that she quit her last job, she had

not sought work in over a year, and she had sought only "scant treatment" for any alleged

symptoms. Id.

      Defendant concedes that none of the reasons provided by the ALJ are "clear and

convincing" reasons to discount Plaintiff's credibility. See Carmickle v. Comm'r, 533 F.3d 1155,

1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the

record includes objective medical evidence establishing that the claimant suffers from an

impairment that could reasonably produce the symptoms of which he complains, an adverse

credibility finding must be based on 'clear and convincing reasons'"). The Court agrees.

      The ALJ fails to acknowledge that Plaintiff testified that she quit her job because of her

impairments and pain, and she had not sought work because her disability will not permit her to

work full-time. The ALJ also failed to consider any reasons as to why Plaintiff did not seek more

extensive treatment. Byrnes v. Shalala, 60 F.3d 639, 641 (9th Cir. 1995) (the ALJ must "examine

the medical conditions and personal factors that bear on whether a claimant can reasonably

remedy [her] impairment and must make specific findings") (internal quotation marks omitted).

      As to Plaintiff's alleged secondary gain motivation, this Court has previously rejected

this as a basis for finding a claimant not credible:

> By definition, every claimant who applies for Title II benefits does so with the
> knowledge—and intent—of pecuniary gain. That is the very purpose of applying for Title
> II benefits. The same motivation afflicts every applicant for workers compensation
> benefits, and every personal injury plaintiff. If the desire or expectation of obtaining

benefits were by itself sufficient to discredit a claimant's testimony, then no claimant (or their spouse, or friends, or family) would ever be found credible.

Altorfer v. Colvin, No. 3:14-CV-01933-HZ, 2015 WL 9255544, at *8 (D. Or. Dec. 18, 2015) (quoting Ratto v. Sec'y, 839 F. Supp. 1415, 1428-29 (D. Or. 1993)); see also Bush v. Astrue, No. CV10-780-SU, 2011 WL 3420617, at *12 (D. Or. July 8, 2011) ("A claimant's motive of pecuniary gain is an improper basis on which to determine that subjective complaints are not credible"), adopted by J. Redden, 2011 WL 3420666 (D. Or. Aug. 4, 2011).

Finally, the ALJ did not point to any specific medical evidence of record that conflicted with or failed to support Plaintiff's allegations of her impairments. The Ninth Circuit recently explained that an ALJ errs by stating only a general, nonspecific finding regarding credibility after simply reciting the medical evidence. Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Here, the ALJ simply provided a summary of the medical evidence and a general, unexplained conclusion regarding Plaintiff's credibility. The ALJ failed to identify which of Plaintiff's complaints were at issue, leaving this court unable to meaningfully review the decision. In sum, the ALJ erred.

## II.    Treating physician Timothy Hill, MD

On April 16, 2013, Dr. Hill treated Plaintiff and summarized her medical issues as of that point. Tr. 332. He noted that over 30 years ago, Plaintiff underwent a left above-knee amputation for osteosarcoma, and that she had a recurrence to the lungs a few years later, which resulted in a lobectomy. Id. Plaintiff developed neck pain and a cervical radiculitis. Id. She has "persistent and progressive neck pain" and "bilateral hand paresthesias." Id. Plaintiff struggles with waxing and waning lateral elbow pain, persistent back pain, and pain in her left gluteal region with radiation

down the left leg. Id. She struggles with right hip and groin pain, with recent-x-rays showing moderate right hip arthritis. Id.

According to Dr. Hill, Plaintiff is limited "from a vocational standpoint." Id. In his notes, he wrote: "I think it is quite reasonable for the patient to apply for long-term disability. She does need physical limitations related to her multiple musculoskeletal problems[.]" Id. at 334. Dr. Hill assessed the following limitations:

> This patient is limited to maximum lift of 10 pounds and only occasional lifting greater than 5. Tr. 334-35. She cannot do any forceful or repetitive gripping activities due to lateral epicondylitis and carpal tunnel syndrome. She is limited in her ability to sit in a standard chair to no more than 3-4 hours in an 8 hour period due to low back pain. She is limited with standing and walking to 2-3 hours in an 8 hour period due to hip arthritis, back pain, and her history of left above-knee amputation. She needs frequent breaks to change position. She will remain prone to flareups and associated time loss. I anticipate she would have difficulty maintaining gainful employment even in a sedentary capacity due to her pain generators.

Id. Dr. Hill treated Plaintiff again on August 22, 2013, and assessed the same limitations. Tr. 347-49.

Dr. Hill evaluated Plaintiff again on October 14, 2013. Tr. 344. Dr. Hill noted the same symptoms as discussed above and set forth a series of "permanent work restrictions." Tr. 346. These restrictions included many of the ones noted in the April 16, 2013, evaluation, and also included the following more restrictive findings: "She cannot [] perform any significant keyboarding and she cannot perform any forceful or repetitive gripping activities due to lateral epicondylitis, carpal tunnel syndrome, and advancing the bilateral 1st CMC arthritis." Id. He wrote that Plaintiff could only stand or walk up to 2 hours in an 8-hour day, and could sit up to 3 hours in an 8-hour day. Id. Dr. Hill estimated that Plaintiff would likely miss more than four days of work per month due to her conditions. Id. He wrote that he anticipated Plaintiff would have "severe difficulty maintaining gainful employment even in a sedentary capacity." Id.

On December 4, 2013, Dr. Hill responded to a questionnaire provided by Plaintiff's attorney. Tr. 352. Hill endorsed the opinion that Plaintiff was unable to perform work as a medical transcriptionist on a full-time, regular, and sustained basis. Id. Dr. Hill agreed that Plaintiff would miss more than three days of work per month. Id. Dr. Hill wrote that Plaintiff's lower back pain would impair her ability to concentrate.

The ALJ afforded "little weight" to any of Dr. Hill's opinions. The ALJ found that Dr. Hill's opinions were not consistent with the medical evidence of record, including the opinions of other medical experts. However, the ALJ failed to identify any specific medical evidence in the record or any specific medical opinion that conflicted with any of Dr. Hill's findings or opinions.

Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. Id.; 20 C.F.R. §§ 1527(c)(1)-(2), 416.927(c)(1)-(2).

If the treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); Holohan, 246 F.3d at 1202. If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the ALJ must still articulate the relevant weight to be given to the opinion under the factors provided for in 20 C.F.R. §§ 1527(d)(2), 416.927(d)(2); Orn, 495 F.3d at 631.

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).

Defendant concedes that the ALJ "relied on problematic and non-specific reasoning." Def.'s Br. 4. The Court agrees. The ALJ's recitation of boilerplate language finding that Dr. Hill's opinions "are not consistent with the medical evidence of record, including the opinion of other medical experts" does not form a substantive basis for her decision to afford little weight to the doctor's opinion. See Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) (finding error when an ALJ assigns a medical opinion little weight while doing nothing more than "criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion").

Furthermore, the ALJ does not point to a single "medical expert" who offers a conflicting opinion. Defendant points to the opinions of consultative physician Michael Henderson, MD; State Agency Medical Consultant Neal Berner, MD; and State Agency Medical Consultant Sharon Eder, MD. According to Defendant, these opinions conflict at least to some extent with Dr. Hill's opinion. However, the ALJ did not specifically rely on any of these physicians in determining the weight to afford Dr. Hill. This Court cannot affirm a decision by an ALJ based on a *post hoc* rationalization of the ALJ's decision. See Bray, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citations omitted). Even if Defendant has accurately captured the ALJ's line of reasoning, it is the ALJ that must explain his decision, not this Court. In sum, the ALJ erred in rejecting Dr. Hill's opinion.

### III.     Step 4 Analysis

The ALJ concluded her analysis at Step 4 by finding that Plaintiff could perform past relevant work as a medical transcriptionist. Again, Defendant concedes that the ALJ erred. The ALJ ignored testimony from the Vocational Expert (VE) that a medical transcriptionist cannot be adequately productive if that individual must be able to sit or stand at will, as directed in the ALJ's RFC. Tr. 69-71. The Court agrees with the parties that the ALJ erred.

### IV.     Remand for an Award of Benefits

The Court finds that the ALJ improperly rejected Dr. Hill's testimony as to Plaintiff's physical symptoms and Plaintiff's own testimony as to the severity of those symptoms. Furthermore, Defendant concedes that the ALJ did not conduct a proper Step 4 analysis, thereby rendering the ALJ's conclusion of non-disability erroneous. The Court therefore vacates the ALJ's decision.

The question remains, however, whether to remand the case for further proceedings or for an award of benefits. See Reddick, 157 F.3d at 728 (decision is within the discretion of the Court). The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." Garrison, 759 F.3d at 1020. Even if the "credit-as-true" criteria are met, the court retains the "flexibility" to remand for further proceedings where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Id. at 1021.

Here, even if the three preliminary requirements are met, the record as a whole creates serious doubt as to whether Plaintiff is disabled. As noted above, while Dr. Hill's testimony supports a finding of disability, three other physicians (including one examining physician) concluded that Plaintiff could perform at least sedentary work. See Tr. 94-95; 109-110; 318. In addition, while the ALJ's reasons for rejecting Plaintiff's credibility were insufficient, the record suggests that Plaintiff may have declined or delayed treatment because she is a "medical nihilist." Tr. 278, 341.

In Burrell v. Colvin, the Ninth Circuit Court of Appeals provided guidance on how to decide whether to remand a case for an award of benefits or further proceedings. 775 F.3d 1133, 114-42. In Burrell, the Court reviewed the facts of the case and concluded that "[v]iewing the record as a whole . . . Claimant may be disabled." Id. However, the record also contained cause for serious doubt. Id. at 1142. When faced with the existence of both of those circumstances, the Ninth Circuit remanded the case for further proceedings. See also Garrison, 759 F.3d at 1021 ("Thus, when we conclude that a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, Connett allows flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

As in Burrell, Plaintiff here may be disabled. However, the record also contains cause for serious doubt and, thus, this Court must remand the case for further proceedings.


///


///


13 - OPINION & ORDER

**CONCLUSION**

The Commissioner's decision is reversed and remanded for further administrative

proceedings.

IT IS SO ORDERED.

Dated this _____ 9 _____ day of _____ November _____, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge

14 - OPINION & ORDER